### STATE of Vermont v. Daniel J. LEVESQUE

[607 A.2d 887]

No. 90-206

March 20, 1992. Defendant was charged with disorderly conduct, was denied public defender assistance, and thereafter signed a waiver of counsel form. He defended himself in the ensuing jury trial, and was convicted and fined $55. He appeals on grounds that the trial court erred by failing to determine whether defendant made a knowing and intelligent waiver of his right to counsel, relying on *State v. Merrill*, 155 Vt. 422, 584 A.2d 1129 (1990). We agree and remand for a *Merrill* hearing.

We held in *Merrill* that "[n]either a defendant's waiver of his right to counsel nor his assertion of his right to proceed pro se may be presumed

from a silent record." *Id.* at 425, 584 A.2d at 1131. Explaining that both the right to defend oneself and the right to counsel are embedded in the Constitution, we specifically held:

> In order to protect both competing constitutional rights, the better practice is for the trial court first to conduct sufficient inquiry into the defendant's experience, motives, and understanding of what he is undertaking to determine the quality of his purported waiver, and then to provide a clear explanation of the adverse consequences of pro se representation. This discussion should appear on the record so that a reviewing court may determine that the defendant knowingly accepted the risk.

*Id.* The State does not argue that the court undertook a *Merrill* inquiry, but rather that none was needed for an offense lacking the possibility of a jail term. See 13 V.S.A. §§ 5201(4)(B) and 5231. *State v. Duval*, 156 Vt. 122, 124, 589 A.2d 321, 323 (1991). However, *Duval* dealt with the right to counsel at public expense, not the question of whether defendant knowingly waived his right to be represented. We made this distinction in *Merrill*, 155 Vt. at 425 n.1, 584 A.2d at 1131 n.1:

> Defendant applied for appointment of counsel on appeal, and was denied as financially ineligible. His income had been at least as great at the time of trial. Thus, his only alternative at the time of trial would have been for him to retain counsel
> . . . .

Though defendant had no right to be represented at public expense, he had the same rights under *Merrill* as any defendant. Though the offense here was relatively minor, the judicial effort required to make certain that defendant realized the consequences of waiver would also have been small.

*Remanded for trial court proceedings not inconsistent with this opinion.*